*136 OPINION.
Lansdon :
The tax liability here in controversy is based on interest on the notes transferred to the petitioner at January 1, 1922, and on similar obligations. The record is clear that in 1923 all such notes were included in the assets of the petitioner and that their sum total in its surplus was the basis for credit in borrowing from the War Finance Corporation. Petitioner contends that all the loans evidenced by such notes were made individually by its principal stockholder from his own funds and that the interest therefrom was not its income.
The petitioner’s authorized capital in the taxable year was $50,000, of which the amount of $25,000 had been paid in cash. Its balance *137 sheet for the same year shows a surplus of $101,406.66. Included in such surplus were the values of various assets transferred to it by Lee at January 1, 1922, among which were notes of the value here in dispute. A corporation and its majority stockholder are separate entities. The fact here is that Lee transferred certain notes to the petitioner that represented loans made from his personal funds and that thereafter the petitioner was the owner thereof. It is not unusual for the principal stockholder of a corporation to pay in cash or property without consideration. Usually this is done, as in the present proceeding, for the purpose of increasing the surplus and strengthening the credit of the corporation. The assets so transferred become the property of the corporation and can be returned to the stockholder only through a corporate act of distribution. It follows, of course, that while such assets are the property of the corporation the income therefrom is its income. Since it appears that all interest in controversy accrued on notes that were the property of the petitioner, the action of the respondent in including such interest in its gross income in the taxable year must be approved.
As an alternative issue, the petitioner contends that certain debts alleged to have become worthless in the taxable year should be deducted from its gross income in such year. Petitioner adduced no evidence to show that such debts were due the corporation or that they were charged off its books in the taxable year. On this issue the respondent is affirmed.

Decision will be entered for the respondent.